**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard Maximus Strahan

    v.                                               Civil No. 17-cv-163-JL

Durham Police Officer Rene Kelley,
Durham Police Officer David Skelly,
Lee Police Officer Donald Laliberte,
Durham Police Department, and
Durham Police Officer Johnathan Lavoie

**REPORT AND RECOMMENDATION**

Before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), is plaintiff's "Amended Complaint" (Doc. No. 16). The standard applied in this preliminary review is set forth in the May 2, 2017 Order (Doc. No. 5).

Defendants Judith Mann, Katelyn Smith, and Frederick Slama are private citizens who are alleged to have reported traffic offenses, involving plaintiff, to the Lee Police Department ("LPD") and/or the Durham Police Department ("DPD"). Plaintiff asserts that Slama, Mann, and Smith acted "in concert" with LPD or DPD officers to violate his federal constitutional rights.

The pertinent provisions of the Bill of Rights do not shield any individual from purely private misconduct. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (Fourteenth Amendment "'erects no shield against merely private conduct, however

discriminatory or wrongful'" (citation omitted)). "A private actor's conduct can be fairly attributable to the State if the facts and circumstances of the case satisfy one of three tests: the public function test, the state compulsion test, or the joint action/nexus test." Quiñones v. P.R. Elec. Power Auth., 199 F. Supp. 3d 474, 491 (D.P.R. 2016) (citing Alberto San, Inc. v. Consejo de Titulares del Condominio San Alberto, 522 F.3d 1, 4 (1st Cir. 2008)).

Alleging that Mann, Smith, and Slama acted in concert with police officers, plaintiff seeks to invoke the joint action/nexus test of state action. The remaining tests are not applicable under the circumstances.

Stripped of the conclusory accusations of joint action, the Amended Complaint (Doc. No. 16) asserts that the private citizens named as defendants provided false, incriminating information to the LPD or DPD; that each of them had an independent motive for doing so; and that the LPD or DPD followed up by obtaining a warrant and/or arresting plaintiff, and by filing charges. Such allegations are insufficient to state claims against private parties under 42 U.S.C. § 1983. See Gibson v. Regions Fin. Corp., 557 F.3d 842, 846 (8th Cir. 2009) ("mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute

joint activity with state officials"); Broderick v. Talbot, No. CIV.A. 09-11511-DJC, 2012 WL 4321355, at *8, 2012 U.S. Dist. LEXIS 134341, at *24 (D. Mass. Sep. 20, 2012) ("swearing out a criminal complaint which forms the basis of criminal action or arrest" does not "'convert a private party's acts into state action'" (citation omitted)). Accordingly, plaintiff's claims in the Amended Complaint (Doc. No. 16) against Mann, Smith, and Slama should be dismissed, and those private party defendants should be dropped from the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 14, 2017

cc: Richard Maximus Strahan, pro se
    Corey M. Belobrow, Esq.
    J. Joseph McKittrick, Esq.
    Eric Alexander Maher, Esq.

3